IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLESTON J. HUTCHERSON, | ) | No. C 08-2316 JSW (PR) |
| | ) | |
| Plaintiff, | ) ) ) | **ORDER OF SERVICE AND PARTIAL DISMISSAL; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED; AND INSTRUCTIONS TO THE CLERK** |
| v. | ) ) ) | |
| MONTEREY COUNTY, CITY OF SEASIDE POLICE DEPARTMENT, SERGEANT GLENN HANANO, OFFICER MARK DEOLIVERIA, | ) ) ) ) | |
| | ) | (Docket No. 2) |
| Defendants. | ) ) | |

## INTRODUCTION

Plaintiff, a prisoner at the Monterey County Corrections Department, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Although the Clerk's office previously sent Plaintiff an application to proceed *in forma pauperis*, he has written the Court to request an additional form. The Clerk is directed to send Plaintiff another application with this order. Plaintiff must file the application to proceed *in forma pauperis* within thirty (30) days or the complaint will be dismissed. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and serves certain claims as set forth below.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

Having reviewed the complaint, the Court finds Plaintiff's allegations, when liberally construed, state a cognizable claim that Sergeant Hanano and Officer DeOliveria violated his constitutional rights by searching him in violation of the Fourth Amendment. U.S. Const. amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994).

However, Plaintiff also names as Defendants Monterey County, the City of Seaside Police Department and Chief of Police Steve Little. Plaintiff makes no specific allegations against these Defendants. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff's inclusion of Police Chief Little on the apparent basis that he is liable under a respondeat superior theory is insufficient. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Nor may a city or county be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context

and requiring individual liability for constitutional violation).  Accordingly, the claims against these remaining Defendants will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has failed to state a cognizable claim for relief against Defendants, and the claims against these Defendants are DISMISSED.  The Clerk shall TERMINATE these Defendants from this action.

2. The Clerk of the Court shall send Plaintiff a prisoner *in forma pauperis* application with this order.  Plaintiff's failure to properly complete the application and provide supporting documents within **thirty (30)** days may result in dismissal of the complaint without prejudice.

3. The Clerk of the Court shall issue summons and the United States Marshal shall Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Complaint and all attachments thereto, and a copy of this order upon: **Sergeant Glenn Hanano and Officer DeOliveria** at **the Seaside Police Department.**  The Clerk shall also and serve a copy of this order on Plaintiff.

4. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he/she is of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

    a. If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant **shall** do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she/he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the Plaintiff.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

a. In the event the Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003):

> If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.
> You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.
> If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

b. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to pro se Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

4

> properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED: October 2, 2008

*/s/ Jeffrey S. White*
_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLESTON J. HUTCHERSON,

        Plaintiff,

  v.

MONTEREY COUNTY et al,

        Defendant.

Case Number: CV08-02316 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charleston J. Hutcherson
08083208
P.O. Box 809
Salinas, CA 93902

Dated: October 2, 2008

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk